UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAFAKA MENO MATIYA,<br><br>　　　　　　　Petitioner,<br><br>　　v.<br><br>JEFFREY PERKINS,<br><br>　　　　　　　Respondent. | CASE NO. 3:24-cv-05892-TL-BAT<br><br>**REPORT AND RECOMMENDATION** |

Petitioner, a Coyote Ridge Corrections Center detainee, seeks for the second time federal habeas relief from his 2021 convictions and the 240 months to life sentence of imprisonment in Mason County Superior Court case number 20-1-00147-23 for Rape of a Child in the First, Second and Third Degrees, Child Molestation in the Second and Third Degrees, and Incest in the First, Second and Third Degrees in Mason County Superior Court. *See* Dkt. 8; *see also Person (aka Matiya) v. Andrewski*, 3:23-cv-05434-BJR (First habeas petition challenging the Mason County convictions filed May 12, 2023 and dismissed March 11, 2024).

Because Petitioner has not obtained permission from the Court of Appeals for the Ninth Circuit to file the present second habeas petition, the Court recommends the present habeas petition be dismissed without prejudice and referred to the Court of Appeals for the Ninth Circuit for consideration as an application for leave to file a second or successive petition for writ of

REPORT AND RECOMMENDATION - 1

1  habeas corpus. *See* Ninth Circuit Rule 22-3(a).

2  **DISCUSSION**

3  The Court may take judicial notice of its own records and records in other cases. *See*

4  *Chandler v. United States*, 378 F.3d 206, 900 (9th Cir. 1967) (Court "may take judicial notice of

5  its own records"); *United States v. Howard*, 381 F.3d 873, 876, n.1 (9th Cir. 2004) (Courts may

6  "take judicial notice of court records in another case"). The Court's records establish on May 12,

7  2023, Petitioner filed a § 2254 habeas petition challenging his convictions and sentence in

8  Mason County case number 20-1-00147-23 in *Person (aka Matiya) v. Andrewski*, 3:23-cv-

9  05434-BJR.

10  In the 2023 habeas petition, Petitioner alleged as grounds for relief: (1) "subject matter"

11  and "personal jurisdiction," Constitutional infringement- Due Process, Equal Protection, Right to

12  Remain Silent; (2) Ineffective Assistance of Counsel and Prosecutor Misconduct; (3) Fraud,

13  Invalid Judgment/Sentence., Misconduct of the State's Witnesses, Law Enforcement

14  Expungement of favorable evidence toward defendant; and (4) Violation of police

15  investigation/petitioner resided outside the State of Washington during charging information-

16  violation of due process/equal protection. *See* 2023 petition, Dkt. 19. On March 3, 2024, the

17  Court dismissed the habeas petition on the merits and denied issuance of a certificate of

18  appealability. *See* 2023 petition, Dkt. 104. On September 12, 2024, the Court of Appeals for the

19  Ninth Circuit denied issuance of a certificate of appealability. *See* 2023 Petition, Dkt. 116.

20  The habeas petition now before the Court was filed on May 18, 2024. In this petition,

21  Petitioner again challenges his convictions and sentence in Mason County Superior Court case

22  number 20-1-00147-23. As ground one for relief, Petitioner alleges:

23  > The suspension clause provides that the privilege of the writ of
   > habeas corpus shall not be suspended unless when in cases of

REPORT AND RECOMMENDATION - 2

>rebellion or invasion the public safety may require it. The writ of habeas corpus is a critical check on the executive, ensuring that it does not detain individuals except in accordance with law. Washington State Court has violated the Suspension Clause. See Appendix A.

Dkt. 8 at 5.

>As ground two for relief Petitioner alleges:
>
>Denied U.S. First Amendment Right to 'meaningfully' petition/access to the Courts. Unlawful restraint per his post conviction denials of U.S. Const. First Amendment 'redress' access to Courts, 14th Amendment Equal Protections Due Process, Wash. Cont. Art. 1 and 2 Supreme Law § 3, access § 4 political right to petition § 29 mandatory.

Dkt. 8 at 7.

Petitioner fleshes out these claims in an Affidavit in Support of Petition and three Exhibits that he attached to his habeas petition. *See* Dkt. 8 (attachments). The Affidavit in Support first asserts the Court of Appeals for the Ninth Circuit in Petitioner's first habeas petition "accepted the R&R of the magistrate without consideration of duties under USCS Sec. 2254 cases Rule 8." *See* Dkt. 8, Affidavit at 1.

Petitioner next challenges the Washington State Courts' handling of post-conviction pleadings he filed in 2023 and 2024 contending he was denied the right to petition for redress in the state courts when his "new writ" was misconstrued as a personal restraint petition, transferred to the State Court of Appeals, and then transferred to the Washington Supreme Court. *Id.* at 1-2. Petitioner contends he filed an "objection to the misdirected state court order changing his 'timely' Habeas corpus to a Personal Restraint Petition." *Id.* at 2. Petitioner argues the state court's treatment of his post-conviction pleadings suspended his right to relief citing as authority 18 U.S.C. § 242 (Deprivation of rights secured by the constitution is a federal criminal offense).

REPORT AND RECOMMENDATION - 3

Petitioner further argues the Washington State Courts denied him collateral relief this year without assistance of counsel or conducting an evidentiary hearing, and that this Court's previous order dismissing his first habeas petition in case number 23-cv-05434-BJR failed to recognize the "State Courts failure in its statutory duties 28 USC 2254(d)(e) the magistrate appears to have abused his discretion with the improper application of USC Sec, 2254 cases R. 8." Petitioner contends in the present petition that he has "re-demonstrated the State of Washington seemingly poor practice of ignoring pro-se pleadings" that are meritorious. Dkt.8, Affidavit at 3.

Petitioner also contends the claims described above "were not available until the State high court showed they were willing to pass upon not correct this discrepancy plus the Washington high court had not suspended Petitioner's Habeas corpus until this last 'timely' filing." *Id.*

The Court's records thus establish, the present habeas petition is the second habeas petition Petitioner has filed challenging his convictions and sentence in Mason County case number 20-1-00147-23. Under 28 U.S.C. § 2244(b)(1), the Court must dismiss any claim which was presented in a prior habeas petition. Hence, Petitioner's challenges to this Court's prior dismissal of his petition and the Ninth Circuit's denial of a certificate of appealability should be dismissed as improperly brought. Petitioner sought review in the Court of Appeals for the Ninth Circuit of this Court's 2023 order dismissing the first habeas corpus petition. The Court of Appeals denied issuance of certificate of appealability thereby terminating review and finalizing this Court's dismissal order.

A claim in a second or successive habeas petition must be dismissed even if it was not presented in a prior habeas petition, unless the claim rests on new law, new evidence, or

REPORT AND RECOMMENDATION - 4

Petitioner's actual innocence. 28 U.S.C. § 2244(b)(2). Even in the latter circumstance, leave of the Court of Appeals is required to proceed with the successive petition. 28 U.S.C. § 2244(b)(3).

To obtain relief in a second or successive federal habeas corpus application. Petitioner must fulfill the requirements of 28 U.S.C. § 244(b)(1). *See Burton v. Stewart*, 549 U.S. 147, 152 (2007). Under 28 U.S.C. § 2244(b)(3)(A):

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

This "gatekeeping" provision requires Petitioner to file in the court of appeals a motion for leave to file a second or successive habeas application and make prima facie showing the application satisfies the requirements of 28 U.S.C. § 2244(b). *Felker v. Turpin*, 518 U.S. 651, 657 (1996). *Id.* The failure to meet this "gatekeeping" requirement leaves the District Court without jurisdiction to entertain the habeas petition. *Burton*, 549 U.S. at 153; *see also Cooper v. Calderon*, 274 F.3d 1270, 1274–75 (9th Cir. 2001) (per curiam) (Filing a motion in the court of appeals and obtaining permission to file a second habeas petition is a jurisdictional requirement). Here there is nothing showing Petitioner has sought or obtained such permission.

The phrase "second or successive" is a term of art and thus a second habeas petition is not automatically barred as second or successive, simply because it is the second petition filed. Rather a Court should consider whether the prisoner had an opportunity to raise his or her claims in the first petition. *See Hill v. State of Alaska*, 297 F.3d 895, 897–898 (9th Cir.2002).

Here, the Court's records show Petitioner's first habeas petition challenging his Mason County convictions and sentence was adjudicated by this Court on the merits and dismissed in 2023. Petitioner appealed the dismissal and the Court of Appeals for the Ninth Circuit denied issuance of a certificate of appealability. There is thus no doubt the present habeas petition is a

REPORT AND RECOMMENDATION - 5

1  second or successive petition. *See Tong v. United States*, 81 F.4th 1022, 1025 (9th Cir. 2023)

2  (Second habeas petition is second or successive if first petition was dismissed on the merits); *see*

3  *also, McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009).

4      Although the present habeas petition is second or successive, Petitioner argues the Court

5  should grant him relief because "the claims he presents "were not available until the State high

6  court showed they were willing to pass upon not correct this discrepancy plus the Washington

7  high court had not suspended Petitioner's Habeas corpus until this last 'timely' filing." *Id*.

8  Petitioner's present habeas claims is thus an attack upon the Washington State Courts' process of

9  adjudicating his most recent state petitions for post-conviction relief. This much is clear as

10 Petitioner contends the Washington Court of Appeals' transfer of his recent personal restraint

11 petitions to the Washington Supreme Court constitute a suspension of the writ of habeas corpus,

12 as does the Washington Supreme Court's denial of relief.

13     In support, Petitioner attached the Washington Court of Appeals' October 9, 2023 order

14 that transferred Petitioner's post-conviction attack to the Washington Supreme Court. The order

15 states in pertinent part "In his fourth petition, Person appears to argue that he was denied due

16 process and equal protection based on the state's personal restraint procedures in Title 16 RAP."

17 Dkt. 8 Exhibit 4 at 12. Petitioner also attached the April 4, 2024 order of the Washington

18 Supreme Court which indicates, Petitioner filed numerous personal restraint petitions all of

19 which were dismissed. *Id*. at 24. In this order, the Washington Supreme Court found Petitioner's

20 claims had "no arguable basis for relief in law or in fact" and dismissed Petitioner's personal

21 restraint petition as "frivolous." *Id*. at 26.

22     Petitioner's challenge to the Washington State post-conviction review process is not a

23 cognizable ground for federal habeas relief. *Ortiz v. Stewart,* 149 F.3d 923, 939 (9th Cir. 1998);

*Gerlaugh v. Stewart*, 129 F.3d 1027, 1045 (9th Cir. 1997). It is well-settled that a claim "alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings" because there is no federal constitutional right to state habeas proceedings. *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989). *See also Smith v. Andrewski*, 2023 WL 5612294 (W.D. Wash. July 21, 2023) (Report and Recommendation, adopted in *Smith v. Andrewski,* 2023 WL 5609337, (W.D. Wash. Aug. 30, 2023); *Rowland v. Chappell,* 902 F. Supp. 2d 1296, 1338 (N.D. Cal. 2012) (Denial of meaningful review in state collateral proceedings is not cognizable in federal petition) (*applying Franzen*, 877 F.2d at 26), aff'd, 876 F.3d 1174 (9th Cir. 2017); *Delgado v. Yates*, 622 F. Supp. 2d 854, 865 (N.D. Cal. 2008) (claim state court violated petitioner's due process rights by denying state habeas petition without an opinion or evidentiary hearing is not cognizable).

Also, to the extent Petitioner challenges the merits of the Washington Supreme Court's order finding his request for relief is frivolous, that claim is foreclosed. The Washington Supreme Court rejected Petitioner's claim the sentence that was imposed was unlawful. This is a claim Petitioner knew about when he was sentenced in 2021 and is thus not a new claim that could not have been presented when Petitioner filed his first habeas petition in 2023.

For the foregoing reasons, the Court finds the present habeas petition is second or successive and recommends that this matter be transferred to the Court of Appeals for the Ninth Circuit pursuant to 28 U.S.C. § 2244(b) and Circuit Rule 22-3(a).

The Court also recommends denial of a certificate of appealability. An appeal of a denial of § 2254 relief may proceed only if a certificate of appealability ("COA") is issued by the district or circuit judge. A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A prisoner satisfies

REPORT AND RECOMMENDATION - 7

this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, the Court finds that no reasonable jurist would disagree Petitioner's present habeas petition is second or successive, that he has not been granted leave to proceed, and that the grounds for relief he presents are not cognizable grounds for habeas relief.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore, Petitioner should not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **November 18, 2024.** The Clerk should note the matter for **November 22, 2024**, as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

DATED this 4th day of November, 2024.

BRIAN A. TSUCHIDA
United States Magistrate Judge