UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAFAKA MENO MATIYA,<br><br>                    Petitioner,<br>       v.<br><br>JEFFEREY PERKINS,<br><br>                    Respondent. | CASE NO. 3:24-cv-05892-TL-BAT<br><br>ORDER ON REPORT AND RECOMMENDATION AND TO TRANSFER CASE TO THE NINTH CIRCUIT |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Brian A. Tsuchida, United States Magistrate Judge (Dkt. No. 9), as well as the proposed Order of Transfer and Dismissal (Dkt. No. 9-1) and Petitioner Jafaka Meno Matiya's objections to both the R&R (Dkt. No. 11) and the proposed order of transfer (Dkt. No. 12). Having reviewed the R&R, the proposed order, Petitioner's objections, and the remaining record, the Court ADOPTS the R&R and OVERRULES the objections.

A district court has jurisdiction to review a magistrate judge's report and recommendation on dispositive matters. See Fed. R. Civ. P. 72(b). The district court "shall make a de novo

determination of those portions of the report or specified proposed findings or recommendation to which objection is made." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); accord 28 U.S.C. § 636(b)(1). A party properly objects when the party files "specific written objections" to the report and recommendation as required under Federal Rule of Civil Procedure 72(b)(2). On November 8, 2024, Petitioner filed timely objections to the R&R and raised six challenges. Dkt. No. 11.

As a preliminary matter, the Court notes that Petitioner filed a notice of appeal on November 8, 2024. Dkt. No. 13. Ordinarily, the filing of a notice of appeal is an event of jurisdictional significance. *Rodriguez v. Cnty. of Los Angeles*, 891 F.3d 776, 790 (9th Cir. 2018) (citing *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam)). However, the filing of a defective notice of appeal that refers to a non-appealable interlocutory order does not transfer jurisdiction. *Nascimento v. Dummer*, 508 F.3d 905, 908 (9th Cir. 2007). Rather, the district court "may disregard the purported notice of appeal and proceed with the case, knowing that it has not been deprived of jurisdiction." *Gilda Indus., Inc. v. United States*, 511 F.3d 1348, 1350 (9th Cir. 2008) (quoting *Ruby v. Sec'y of the U.S. Navy*, 365 F.2d 385, 389 (9th Cir. 1966) (en banc)). A magistrate judge's report and recommendation is a nonfinal order and, therefore, is not appealable. *See Burnside v. Jacquez*, 731 F.3d 874, 875–76 (9th Cir. 2013) (citing *Serine v. Peterson*, 989 F.2d 371, 372–73 (9th Cir. 1993)). Therefore, the Court will address Petitioner's objections.

Petitioner's first objection asserts that the R&R left out the fact that "the district court deliberately failed to follow Rule 8(a)(c) denying the petitioner a mandatory evidentiary hearing." *Id.* at 2. This objection appears to refer to actions taken by the court in Petitioner's

prior case in this district. *See Person v. Andrewjeski*, No. C23-5434, Dkt. No. 1 (W.D. Wash. May 12, 2023) ("Prior Case"). Petitioner filed an appeal to the Ninth Circuit in that case, and this objection should have been raised in that prior appeal. In any event, this fact does not affect the key question here as to whether Petitioner's petition is a second and successive one, requiring an order from the Ninth Circuit authorizing its filing.

Petitioner next objects to "the Magistrate's finding of fact and discussion based on the R&R Report, the opinion of the Court of Appeals, and the Government's Response to the Petitioner's § 2254." *Id.* at 3. As there was neither a government response filed in this case nor any mention of a government response in the R&R, the Court does not understand this objection. Petitioner's first claim asserts that the Ninth Circuit did not carry out its duties under "USCS Sec. 2254 cases Rule 8" when ruling on Petitioner's first habeas petition. Dkt. No. 8-1 at 1. The R&R found that because Petitioner's first petition was dismissed on the merits, the second petition is a second or successive petition. Dkt. No. 9 at 5–6. To the extent this objection is referring to the conclusion that the petition is a second or successive petition, the Court agrees with Judge Tsuchida's analysis and finds that Petitioner's petition is a second and successive one that requires authorization from the Ninth Circuit for it to be filed. *See generally* Dkt. No. 9.

Petitioner's third objection asserts that the R&R mischaracterizes his petition as a second or successive petition because he "relies on a factual predicate that could not have been previously discovered through the exercise of due diligence." Dkt. No. 11 at 3. Petitioner asserts that he "did not know the state court would suspend habeas corpus affecting his first amendment right to 'redress' the government and his fourteenth amendment right to due process until the state post-conviction proceedings were complete." *Id.* at 3–4. As the R&R explained (and the Court will not repeat here), Petitioner's challenge to the Washington State post-conviction review process is not a cognizable ground for habeas relief. *See* Dkt. No. 9 at 6–7.

Petitioner's fourth objection challenges the finding of his petition as a second or successive petition because he did not know that the district court would not hold a mandatory evidentiary hearing, the district court would not appoint indigent counsel, and the Ninth Circuit would violate his due process rights until November 7, 2024. Dkt. No. 11 at 4–5. This objection appears to raise issues with how his Prior Case was handled, in which he has filed a Motion to Reopen Case. *See Person*, Dkt. No. 117 (W.D. Wash. Oct. 3, 2024). This objection only emphasizes that his petition is a second and successive petition. This attempt at a second bite must first be authorized by the Ninth Circuit.

Petitioner's fifth objection asserts that since his application was not dismissed upon review, "the judge must order the respondent to file an answer, motion, or other response." Dkt. No. 11 at 5. Since the petition is a second or successive petition, no action can be taken in this case unless Petitioner first receives authorization from the Ninth Circuit to even file the petition.

Petitioner's sixth objection appears to dispute that his claims are about the state court's procedures and argues instead that "Petitioner's federal constitutional claims are a violation of his first amendment right to redress the government and the suspension of habeas corpus." *Id.* at 6. The Court understands this objection to challenge the procedure that he must follow for a second or successive petition. However, as explained in the R&R, this is the procedure required by both the statute and the caselaw that the Court must follow. Dkt. No. 9 at 4–5.

Finally, Petitioner asserts in several of his objections that he should receive an evidentiary hearing. However, 28 U.S.C. § 2254(e)(2) generally bars evidentiary hearings in federal habeas proceedings initiated by state prisoners. *McQuiggin v. Perkins*, 569 U.S. 383, 395 (2013). The statute states in relevant part:

> [T]the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—

    (A) the claim relies on—

      (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

      (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

    (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C.§ 2254(e)(2). But Petitioner merely repeats that he should have been provided an evidentiary hearing without any support.

  Accordingly, it is hereby ORDERED:

  (1) The Report and Recommendation (Dkt. No. 9) is ADOPTED and Petitioner's objections (Dkt. No. 11) are OVERRULED.

  (2) The present § 2254 petition is a second or successive petition and Petitioner has failed to obtain permission to file it. Petitioner's objections to the transfer order (Dkt. No. 12) are thus OVERRULED, and this matter is TRANSFERRED to the Circuit Court for the Ninth Circuit pursuant to Circuit Rule 22-3(a).

  (3) The habeas petition is DISMISSED without prejudice and the Clerk of Court is DIRECTED to close this matter.

  (4) Issuance of a certificate of appealability is DENIED.

  (5) Petitioner's "Motion: Memorandum to Court 'Signed Petition' Pursuant to 2254(a)" (Dkt. No. 10) and Rule 60(b) Motion to Attack Integrity of Proceedings (Dkt. No. 15)[1] are STRICKEN as moot.

---

[1] Petitioner's motions raise essentially the same claims as those raised in his objections.

ORDER ON REPORT AND RECOMMENDATION AND TO TRANSFER CASE TO THE NINTH CIRCUIT - 5

(6) The Clerk is DIRECTED to send copies of this Order to the Parties.

Dated this 9th day of December 2024.

Tana Lin
United States District Judge